IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAROLD EUGENE DERRY,

      Plaintiff,                    CV F 06 0998 LJO AWI WMW PC

      vs.                             ORDER DISMISSING COMPLAINT
                                       WITH LEAVE TO
                                       FILE AN AMENDED COMPLAINT

                                       (THIRTY DAY DEADLINE)

COALINGA STATE HOSPITAL, et al.,

      Defendants.

      Plaintiff is a resident at the Coalinga State Hospital. Plaintiff is proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      This action proceeds on the complaint. Plaintiff brings this civil rights action against defendant officials employed by the California Department of Corrections and Rehabilitation at Coalinga State Hospital.

      Plaintiff's claim is that he is not allowed personal visits with a particular individual. That individual was informed that he would not be able to visit Plaintiff "simply because of his legal status as a registered sex offender pursuant to Cal Penal Code § 290." Plaintiff seeks monetary damages and injunctive relief.

      To warrant relief under the Civil Rights Act, a plaintiff must allege and show that

1  defendant's acts or omissions caused the deprivation of his constitutionally protected rights. <u>Leer</u>
2  <u>v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1993).    In order to state a claim under § 1983, a
3  plaintiff must allege that: (1) a person was acting under color of state law at the time the
4  complained of act was committed; and (2) that person's conduct deprived plaintiff of rights,
5  privileges or immunities secured by the Constitution or laws of the United States. <u>Paratt</u>
6  <u>v.Taylor</u>, 451 U.S. 527, 535 (1981).

7       The statute plainly requires that there be an actual connection or link between the actions
8  of the defendants and the deprivation alleged to have been suffered by plaintiff. <u>See</u> <u>Monell v.</u>
9  <u>Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). The
10 Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional
11 right, within the meaning of section 1983, if he does an affirmative act, participates in another's
12 affirmative acts or omits to perform an act which he is legally required to do that causes the
13 deprivation of which the complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir.
14 1978).

15      The Due Process Clause protects prisoners from being deprived of life, liberty or property
16 without due process of law. <u>Kentucky Dep't of Corr. v. Thompson</u>, 490 U.S. 454, 459-60
17 (1989). In order to state a cause of action for deprivation of procedural due process, a plaintiff
18 must first establish the existence of a liberty interest for which the protection is sought. Liberty
19 interests may arise from the Due Process Clause itself or from state law. <u>Hewitt v. Helms</u>, 459
20 U.S. 460, 466-68 (1983). "The denial of prison access to a particular visitor 'is well within the
21 terms of confinement ordinarily contemplated by a prison sentence,' and therefore is not
22 independently protected by the Due Process Clause." <u>Kentucky Dep't of Corr.</u>, 490 U.S. at 460
23 (quoting <u>Hewitt</u>, 459 U.S. at 468). With respect to whether plaintiff has a liberty interest arising
24 from state law, the existence of a liberty interest created by prison regulations is determined by
25 focusing on the nature of the deprivation. <u>Sandin v. Conner</u>, 515 U.S. 472, 481-84 (1995).
26

Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

The court finds the allegations in plaintiff's complaint fail to state a claim for relief. As noted, Plaintiff has no liberty interest in a particular visitor. There are no allegations that Plaintiff is completely denied visits, or that any of the defendants engaged in conduct that deprived Plaintiff of a protected interest. The complaint should therefore be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a

first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   May 1, 2008**                        /s/  **William M. Wunderlich**
                                        UNITED STATES MAGISTRATE JUDGE